UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JONATHAN MICHAEL STRAUB,                                                    No. 11-13342

                              Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

        Debtor Jonathan Straub's proposed Chapter 13 plan calls for payments of $1,450.00 per month for five years. There will be no dividend to unsecured creditors because they are junior in priority to about $44,000.00 in tax claims. Creditor Ravi Mehta objects, arguing that the plan was filed in bad faith and that he would recover something if the case were converted to Chapter 7, so that the requirements of § 1325(a)(3) and § 1325(a)(4) of the Bankruptcy Code are not met. The court finds these objections are based on a misunderstanding of applicable law.

        Mehta's argument is that Straub valued his business and his household goods at a higher value in his state law marital dissolution case, so that his valuations here are evidence of bad faith and establish that even though his claim is junior to the tax debt he would still have a recovery if the case was a Chapter 7 liquidation case. The problem with this argument is that different courts use different criteria for valuations. In fact, even within the Bankruptcy Code values of the same property may be different depending on the purpose of valuation. *In re Case,* 115 B.R. 666, 670 (9th Cir. BAP 1990).

        In state family law court, it may be perfectly proper to consider the value of good will in

1

determining the value of a business for the purpose of fairly dividing assets between spouses. However, in a Chapter 7 bankruptcy case the bankruptcy trustee cannot sell good will or offer a purchaser a covenant not to compete, so the value of a business in bankruptcy is the value of its physical assets without good will. See *In re Beck,* 309 B.R. 340, 353 (Bkrtcy.N.D. Cal 2004).

Likewise, a state family law court may want the retail value of household furniture listed in order to reach a fair distribution between spouses; as long as all of it is valued the same way, it does not matter what valuation is used. In a bankruptcy case, the proper value for purposes of § 1325(a)(4) is the amount a bankruptcy trustee could realize upon the sale of used household goods. Except in cases of antiques or rare works of art, this value is a small fraction of the new cost even if the debtor's exemption rights are not considered.

The court finds that the values scheduled by Straub for his business and household goods are proper and accurate. There is no way Mehta would recover a dime in Chapter 7, both because the value of the assets is not what he asserts and because there are $44,000.00 in priority debt.

The court finds that Straub has established all of the requirements for confirmation set forth in § 1325(a) of the Code. Accordingly, Mehta's objection will be overruled and the plan will be confirmed. Counsel for Straub shall submit an appropriate form of order.

Dated: September 13, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2